WILKS, INC., *v.* DILLINGHAM.

---

C. R. WILKS, INC., A FLORIDA CORPORATION, AND C. C. BELLAMY, TRUSTEE, v. SCOTT DILLINGHAM, SCOTT DILLINGHAM, TRUSTEE FOR APART-MENT MOTELS CORP., BUILDERS SAVINGS LOAN CO., A N. C. CORPO-RATION, W. E. ALLEN AND WIFE, HARRIETT E. ALLEN, AND BLANCHE CIROLINE AND NORMAN H. BLITCH AND WIFE, CLAUDIA BLITCH, AND WM. B. KINSEY.

(Filed 26 September, 1956.)

**Appeal and Error § 3—**

An appeal will not lie from the overruling of a demurrer except when the demurrer is interposed as a matter of right for misjoinder of parties and causes of action; and an attempted appeal therefrom will be dismissed *ex mero motu.* Rule of Practice in the Supreme Court No. 4(a).

JOHNSON, J., not sitting.

APPEAL by defendants from *Pless, J.,* at March 1956 "A" Term, of BUNCOMBE.

Civil action to recover on promissory note and to foreclose deed of trust on real estate as security for the note.

Defendants demurred to amended complaint on the grounds of alleged misjoinder of causes, and of failure to state facts sufficient to constitute causes of action. The court overruled the demurrers, and defendants appealed.

*Carl W. Greene and Guy Weaver for Plaintiffs Appellees.*
*Styles & Styles for Defendants Appellants.*

PER CURIAM. Rule 4(a) of the Rules of Supreme Court, .242 N.C. 766, provides that "From and after the first day of the Spring Term 1956, this Court will not entertain an appeal: (1) From an order overruling a demurrer except when the demurrer is interposed as a matter of right for misjoinder of parties and causes of action . . ."

The attempted appeal in the instant case fails to come within the exception. Hence on authority of this Rule 4(a) the appeal will be and it is hereby dismissed *ex mero motu*, without prejudice to rights reserved to demurrant under the rule.

Appeal dismissed.

JOHNSON, J., not sitting.